[Cite as *State v. Chevez*, 2026-Ohio-2773.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF KENT,<br><br>       Plaintiff-Appellee,<br><br>- vs -<br><br>MANUEL ALEXANDER CHEVEZ,<br><br>       Defendant-Appellant. | CASE NO. 2025-P-0070<br><br>Criminal Appeal from the<br>Municipal Court, Kent Division<br><br>Trial Court No. 2025 TRC 00753 K |

## OPINION AND JUDGMENT ENTRY

Decided: July 20, 2026
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Vincent V. Vigluicci*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Ronald A. Annotico*, 5335 Broadview Road, Parma, OH 44134 (For Defendant-Appellant).

MATT LYNCH, P.J.

{¶1}   Appellant, Manuel Alexander Chevez, appeals his conviction for operating a vehicle under the influence ("OVI") entered by the Portage County Municipal Court, Kent Division, following appellant's plea of no contest.  The issues on appeal pertain to the municipal court's ruling on appellant's motion to suppress evidence.  We affirm.

{¶2}   On the night of March 30, 2025, appellant was operating a motor vehicle when he was stopped for an alleged lane violation by Brimfield Township Police Sergeant Matthew Kennedy.  Sgt. Kennedy conducted three field sobriety tests—Horizontal Gaze

Nystagmus ("HGN"), Walk and Turn, and One Leg Stand—following which he arrested appellant for OVI.

{¶3} On April 2, 2025, appellant was charged in the municipal court with OVI in violation of R.C. 4511.19(A)(1)(a), operating a vehicle with prohibited blood alcohol content in violation of R.C. 4511.19(A)(1)(d), operating a vehicle without a valid license in violation of R.C. 4510.12, and a marked lane violation under R.C. 4511.33.

{¶4} Appellant initially pleaded not guilty and moved the court to suppress all evidence obtained. Appellant claimed the field sobriety tests should be suppressed because he had not exhibited the requisite amount of impairment clues under the Walk and Turn or One Leg Stand tests and because Sgt. Kennedy failed to administer the HGN test in substantial compliance with the National Highway Traffic Safety Administration ("NHTSA") Manual. Appellant also maintained that any evidence obtained following his detention should be suppressed because Sgt. Kennedy did not have probable cause to arrest him for OVI. The State of Ohio did not file a response to the motion.

{¶5} A suppression hearing was held on July 29, 2025. The State introduced Sgt. Kennedy's testimony and body- and dash-cam recordings; the defense introduced the arrest report; the court took judicial notice of the NHTSA Manual. The court issued a written opinion on July 30, 2025, granting the motion to suppress in part and denying the motion in part. Specifically, the court ruled as follows:

> Based upon the testimony and evidence presented, the Court hereby finds the Defendant's Motion to Suppress with regards to the HGN well-taken and is GRANTED with regard to the HGN. The Court further finds there was insufficient evidence presented to determine if the Walk and Turn test was conducted in substantial compliance. The Defendant's Motion to Suppress with regard to the Walk and Turn is GRANTED.

The Court finds there was sufficient evidence to determine the One Leg Stand test was conducted in substantial compliance. The Defendant's Motion to Suppress with regard to the One Leg Stand is OVERRULED.

Finally, based upon the totality of the circumstances, including the time of the traffic stop and Sgt. Kennedy's observations, the Court finds Sgt. Kennedy had probable cause to effectuate the arrest of the Defendant for suspicion of OVI. The Defendant's Motion to Suppress with regard to probable cause to arrest is hereby OVERRULED.

{¶6} A change of plea hearing was held on September 9, 2025. Appellant entered a plea of "no contest" to OVI in violation of R.C. 4511.19(A)(1)(a). All other charges were dismissed. The trial court immediately sentenced appellant to 180 days in jail, suspended on the conditions that appellant commit no alcohol and/or drug related offense for two years and complete a Driver Intervention Program. Appellant was fined $565.00, and his driver's license was suspended for one year.

{¶7} On October 7, 2025, appellant filed a timely notice of appeal. The municipal court stayed appellant's sentence pending the outcome of this appeal.

{¶8} Appellant asserts four assignments of error, all of which pertain to the municipal court's ruling on his Motion to Suppress:

[1.] The trial court [erred] in finding that the One Leg Stand test was conducted in substantial compliance with the NHTSA Manual.

[2.] The trial court's findings of fact were vague and incomplete, thus its probable cause determination was not supported by competent credible evidence.

[3.] The trial court [erred] in finding that the arresting officer had probable cause to arrest the appellant for OVI.

[4.] The trial court erred in failing to determine that all evidence obtained subsequent to appellant's arrest and unconstitutional seizure be suppressed and excluded from evidence.

{¶9} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier

Case No. 2025-P-0070

of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Burnside*, 2003-Ohio-5372, ¶ 8, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). "Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id*., citing *State v. Fanning*, 1 Ohio St.3d 19 (1982). "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist. 1997).

{¶10} In his first assignment of error, appellant argues that Sgt. Kennedy did not conduct the One Leg Stand test in substantial compliance with the NHTSA Manual, and consequently, the results should have been suppressed.

{¶11} To admit field sobriety test results, the State must show by clear and convincing evidence that a law enforcement officer administered the test in substantial compliance with standardized testing procedures, including those set by the NHTSA. R.C. 4511.19(D)(4)(b). "A motion to suppress is an appropriate pretrial proceeding designed to determine the admissibility of this evidence." *State v. Codeluppi*, 2014-Ohio-1574, ¶ 11.

{¶12} "Only general testimony is required to establish substantial compliance with field sobriety tests unless a defendant raises a specific and particular challenge to a test." *State v. Raybould*, 2019-Ohio-3057, ¶ 9 (11th Dist.), citing *State v. Bish*, 2010-Ohio-6604, ¶ 16 (7th Dist.). "When presented with a specific challenge as grounds for suppression, the burden shifts to the state to prove substantial compliance. And if there is insufficient evidence to support that a test was performed in substantial compliance with the

Case No. 2025-P-0070

applicable standards, suppression is warranted." *Id.*, citing *Bish* at ¶ 16 and *State v. Holzapfel*, 2014-Ohio-4251, ¶ 11, 17 (2d Dist.).

{¶13} In his motion to suppress, appellant did not specifically challenge Sgt. Kennedy's compliance with the NHTSA Manual when conducting the One Leg Stand test. When asked at the hearing to explain the focus of appellant's motion, defense counsel responded, "Probable cause to arrest. We're not challenging the stop. . . . Substantial compliance on just the HGN. The other two field sobriety tests [Walk and Turn and One Leg Stand] just challenging whether there was actual clues present in the test [to support probable cause for arrest]."

{¶14} On direct examination, Sgt. Kennedy explained his training on the NHTSA Manual and described the procedure for the One Leg Stand test that he administered to appellant. Sgt. Kennedy testified that appellant did not perform "horribly" on the test, but appellant did lose his balance and put his foot down at one point, which was at least one clue of impairment. On cross examination, defense counsel did not question Sgt. Kennedy about how he had instructed appellant to perform the One Leg Stand test. In fact, defense counsel stated, "As for the One-leg Stand, based on video you again instructed him properly."

{¶15} Absent any specific challenge to the way Sgt. Kennedy administered and instructed appellant to perform the One Leg Stand test, the burden did not shift to the State to prove substantial compliance with the NHTSA Manual, and the results were admissible based on Sgt. Kennedy's general testimony. *See Raybould*, 2019-Ohio-3057, at ¶ 13 (11th Dist.), citing *Bish*, 2010-Ohio-6604, at ¶ 17 (7th Dist.). Accordingly, the municipal court did not err in failing to suppress the One Leg Stand test results.

{¶16} Appellant's first assignment of error lacks merit.

Case No. 2025-P-0070

{¶17} In his second assignment of error, appellant argues that the municipal court's probable cause analysis was a very limited single sentence, which is too vague and incomplete for this court to determine whether the decision was supported by competent, credible evidence. We disagree.

{¶18} The municipal court held: "Finally, based upon the totality of the circumstances, including the time of the traffic stop and Sgt. Kennedy's observations, the Court finds Sgt. Kennedy had probable cause to effectuate the arrest of the Defendant for suspicion of OVI." "The totality of the circumstances surrounding a stop can support a finding of probable cause to arrest even if field sobriety tests were not administered." *Raybould*, 2019-Ohio-3057, at ¶ 23 (11th Dist.), citing *State v. Penix*, 2008-Ohio-4050, ¶ 29 (11th Dist.). Thus, we have sufficient information from the municipal court's decision to review whether the time of the traffic stop and Sgt. Kennedy's observations support the court's probable cause determination. We consider this question in appellant's next assignment of error.

{¶19} Appellant's second assignment of error lacks merit.

{¶20} In his third assignment of error, appellant argues that the trial court erred in finding that Sgt. Kennedy had probable cause to arrest him for OVI. "[W]hether there was probable cause to arrest is a legal issue that we review de novo." *Id*., citing *Columbus v. Horton*, 2014-Ohio-4584, ¶ 13 (10th Dist.).

{¶21} "Because an arrest is the ultimate intrusion upon a citizen's liberty, the arresting officer must have more than a reasonable, articulable suspicion of criminal activity. He must have probable cause to believe that the individual has committed a crime." *State v. Evans*, 127 Ohio App.3d 56, 64 (11th Dist. 1998). "[A] police officer has probable cause to arrest for driving under the influence where the facts and

Case No. 2025-P-0070

circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man in believing that the accused had operated the vehicle while under the influence. In making this determination, each . . . case must be decided on its own particular and peculiar facts." *State v. Hummel*, 2003-Ohio-4602, ¶ 30 (11th Dist.).

{¶22} Appellant contends that Sgt. Kennedy lacked probable cause to arrest him for OVI because the results of the HGN and Walk and Turn tests were suppressed; the results of the One Leg Stand test should have been suppressed; and, regardless of suppression, the officer observed only one clue each on the Walk and Turn and One Leg Stand tests. However, the results of field sobriety tests are not the only factors that an officer may consider when deciding whether to make an arrest for OVI. *See, e.g., State v. Homan*, 89 Ohio St.3d 421, 427 (2000) ("probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests"). The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where, as here, the test results must be excluded for lack of substantial compliance. *See id*.

{¶23} Sgt. Kennedy testified that he noticed appellant "driving over the fog line, almost hitting the curb," and then "observed multiple marked lane violations." Sgt. Kennedy initiated the traffic stop and, when he made contact with appellant, "instantly could smell an odor of alcohol coming from inside the vehicle." Appellant gave him an out-of-state license that dispatch said was suspended. Appellant told Sgt. Kennedy that he was coming from work in Twinsburg, although appellant was heading towards Twinsburg, and later said he was coming from a meet-up-date with a friend. Sgt. Kennedy observed that appellant's eyes were "a little glassy and red." He had appellant exit the

Case No. 2025-P-0070

vehicle to do field sobriety tests because he smelled "a strong odor of alcohol from [appellant]." Sgt. Kennedy testified that, even if appellant had refused the tests, he "probably would have arrested him anyways" based on "his driving" and "the strong odor of alcohol coming from his person." After appellant exited the vehicle, the odor of alcohol was "strong"; once he was in the back of the cruiser, the odor of alcohol was "very strong." Sgt. Kennedy arrested appellant based on "[t]he strong odor of alcohol, his driving, his admission and then the nystagmus test." In addition to Sgt. Kennedy's testimony, his body-cam and dash-cam videos were played for the court.

{¶24} On cross-examination, Sgt. Kennedy clarified that appellant did not admit he had been drinking until after the arrest. However, even without considering appellant's later admission or the field sobriety test results, Sgt. Kennedy's observations—red and glassy eyes, a strong odor of alcohol, multiple lane violations, and driving in the opposite direction of where appellant said he was headed—combined with the fact that the traffic citation was issued at 4:08 a.m. during "night" visibility conditions were sufficient to provide him, an experienced and trained arresting officer, with probable cause to arrest appellant on suspicion of OVI. The record reflects that the municipal court credited Sgt. Kennedy's testimony regarding his observations of appellant's condition and considered the totality of the circumstances. Thus, the municipal court did not err in finding there was probable cause for appellant's arrest for OVI.

{¶25} The third assignment of error lacks merit.

{¶26} In his fourth assignment of error, appellant argues that all evidence obtained subsequent to his arrest, which he deems an "unconstitutional seizure," must be suppressed as "fruit of the poisonous tree."

Case No. 2025-P-0070

{¶27} The Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio Constitution guarantee "the right of the people to be secure in their persons, houses, papers, and effects [or possessions], against unreasonable searches and seizures." "Evidence obtained in violation of these constitutional prohibitions is considered 'fruit of the poisonous tree' and must be suppressed from use in the criminal prosecution of the person from whom it was obtained." *Parma v. Coyne*, 2024-Ohio-3192, ¶ 13 (8th Dist.).

{¶28} Here, because there was probable cause to arrest appellant for OVI, his arrest was not unlawful, and the evidence gathered thereafter does not constitute "fruit of the poisonous tree." Thus, the trial court did not err in denying appellant's motion to suppress any evidence obtained following his arrest.

{¶29} The fourth assignment of error lacks merit.

{¶30} The judgment of the Portage County Municipal Court, Kent Division, is affirmed.

EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-P-0070

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Portage County Municipal Court, Kent Division, is affirmed.

Costs to be taxed against appellant.



PRESIDING JUDGE MATT LYNCH

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0070